Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPLASH NEWS AND PICTURE AGENCY, LLC, | Case No.: 2:17-cv-591 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| JESSICA SIMPSON, an individual, REALITY TV WORLD, an entity of unknown type, and DOES 1 through 10, | *Jury Trial Demanded* |
| *Defendants*. | |

Plaintiff Splash News and Picture Agency, LLC, for its Complaint against defendants Jessica Simpson, Reality TV World, and Does 1 through 10, alleges as follows:

1.     This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photograph described below, against all defendants for uses of plaintiff's photograph without authorization or permission.

## JURISDICTION AND VENUE

2.     This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3.     This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright), and 17 U.S.C. § 1203 (alteration or removal of copyright management information).

5.     This Court has personal jurisdiction over defendant Jessica Simpson because, on information and belief, she is a resident of the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district. This Court has personal jurisdiction over defendant Reality TV World because, on information and belief, it is doing business in this judicial district, or has purposely directed its activities, and particularly its activities giving rise to the claims-in-suit, toward this State.

6.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

7.     Plaintiff Splash News and Picture Agency, LLC is an entity organized and existing under the laws of the nation of the State of Nevada with its principal place of business in Los Angeles, in this judicial district.

8.     Plaintiff is the world's leading celebrity and breaking news agency, licensing images, video, and stories to top publishers around the world, including in the United States and in California.

9.     Defendant Jessica Simpson is a singer, actress, and clothing designer, creator of the fashion brand and collection known as The Jessica Simpson Collection. On information and belief, Simpson is a resident of Hidden Hills, a city in Los Angeles County in this judicial district.

10.     Defendant Reality TV World is an online media business entity of unknown type that operates the website www.realitytvworld.com. According to its website, Reality TV World is "the Internet's leading resource for reality television news and information."

11.     Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants 1 through 10 are currently unknown to plaintiff, which therefore sues them by fictitious names and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

12.     Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

**BACKGROUND FACTS**

13.     Plaintiff is the owner and copyright holder of a photographic image (the "Photograph") that is part of a series of photos depicting defendant Simpson leaving The Bowery Hotel in New York.

14.     The Photograph was registered with the United States Copyright Office as Registration No. VA0002071692 (effective October 9, 2017) in compliance with the Copyright Act, 17 U.S.C. §§ 101 et seq.

15.     The Photograph was created by author Humberto Carreno and licensed for limited use to *The Daily Mail*, which published it on its website on August 9,

2017. The image published by *The Daily Mail* contained copyright management information ("CMI") below the Photograph, in the form of a notice stating "© Splash News," giving notice of plaintiff's ownership of the Photograph.

16.    Plaintiff never licensed the Photograph to defendants. Nevertheless, defendants have used, and continue to use, the Photograph without authorization or permission from plaintiff to do so.

17.    Specifically, Simpson or someone acting on her behalf copied the Photograph and distributed it on Instagram—within hours of its original publication on August 9, 2017—via the @jessicasimpson account. Simpson has over 4 million Instagram followers, and her Instagram feed is open and viewable by the public.

18.    The copy of the Photograph that Simpson distributed on Instagram had been altered, without authorization or approval, to remove the CMI showing plaintiff as the copyright owner of the image.

19.    In addition, Simpson or someone acting on her behalf copied the Photograph and distributed it on Twitter on August 9, 2017, by publishing a "tweet" of the image on the @JessicaSimpson account. Simpson has 7.3 million Twitter followers, and her Twitter time line is open and viewable by the public.

20.    The copy of the Photograph that defendants distributed on Twitter had been altered, without authorization or approval, to remove the CMI showing plaintiff as the copyright owner of the image.

21.    As of October 9, 2017, defendants' tweet of the Photograph received at least 62 "retweets," meaning that other users had tweeted the Photograph 62 times. Each retweet is an additional instance of copying and distribution of the Photograph, in violation of plaintiff's exclusive rights under copyright law.

22.    Defendant Reality TV World subsequently obtained the Photograph from Simpson's Instagram, copied the Photograph, and distributed it on its website at http://www.realitytvworld.com/realitytvdb/jessica-simpson/photos/2327/.

23.     Plaintiff notified Simpson of the infringement, through her representatives, by letter dated October 9, 2017.

24.     The Photograph is highly creative, distinctive, and valuable. Because of the subject's celebrity status, and the Photograph's quality and visual appeal, plaintiff (and the photographer it represents) stood to gain additional revenue from licensing the Photograph.

25.     But defendants' unauthorized use harms the existing and future market for the original Photograph. Simpson's Instagram post and Twitter tweet made the Photograph immediately available to her nearly 11.5 million followers and others, consumers of entertainment news—and especially news and images of Simpson herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

26.     In addition, defendants' unauthorized use is commercial in nature. Simpson uses her Instagram and Twitter feed for the purposes of promotion— specifically, to promote herself and her business interests, products, and ventures; to maintain and increase her visibility and desirability as an actress and singer; and to promote her persona itself, since Simpson's celebrity status and popularity is central to her ability to sell on products and services. In short, every one of Simpson's Instagram posts is fundamentally promoting something to her 11.5 million followers. For its part, Reality TV World used the Photograph to attract viewers to its website.

27.     The Simpson Instagram and Twitter accounts also promote her fashion collection; in fact, the profiles of both accounts contain a link to a web page promoting the Collection. The Instagram posts and Twitter tweets from the accounts often feature and highlight Simpson's products.

28.     At the time that defendants copied and distributed the Photograph, they knew or should have known that they did not have authorization or permission to do so.

COMPLAINT

29.     Defendants did not disclose their unauthorized uses of the Photograph to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE

### (For Copyright Infringement – Against All Defendants)

30.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

31.     The foregoing acts of defendants constitute infringement of plaintiff's copyrights in the Photograph in violation of 17 U.S.C. §§ 501 et seq.

32.     Plaintiff suffered damages as a result of defendants' unauthorized use of the Photograph.

33.     Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement –
### Against All Defendants)

34.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

35.     Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photographs.

36.     Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to

supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

37.   By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

38.   Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM THREE

### (For Removal of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against All Defendants)

39.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

40.   On information and belief, defendants, or someone working on their behalf, removed CMI from the Photograph without authorization of plaintiff or the law and then distributed the Photograph, with the CMI removed, without the authorization of plaintiff or the law.

41.   Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

42.   Plaintiff has suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

43.   On information and belief, defendants' removal of the CMI from the Photograph was intentional, and defendants' distribution of the Photograph was with knowledge that the CMI had been removed without authorization, which further

subjects defendants to liability for statutory damages under 17 U.S.C. § 1203 in the amount of up to $25,000. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests the following:

      A.    For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

      B.    For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

      C.    Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

      D.    For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

      E.    Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

      F.    For an award of pre-judgment interest as allowed by law;

      G.    For reasonable attorney fees and all other costs authorized under law;

      H.    For such other and further relief as the Court deems just and proper.

///

///

COMPLAINT

1

## JURY TRIAL DEMAND

2          Plaintiff demands a trial by jury of all issues permitted by law.

3

4   Dated:  January 23, 2018          Respectfully submitted,

5                                     **PERKOWSKI LEGAL, PC**

6

7                                     By:   /s/ Peter Perkowski
                                           Peter E. Perkowski
8
                                           Attorneys for Plaintiff
9                                          SPLASH NEWS AND PHOTO AGENCY, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT